Opinion
 

 GAUT, J.
 

 1.
 
 Basis for Appeal
 

 Plaintiff Terry Lee Harris (Harris) appeals from an order sustaining without leave to amend a general demurrer to the first amended complaint and from the court’s order striking, Harris’s second amended complaint, filed after the demurrer.
 

 Hairis complains that defendants John M. King, M.D., and John M. King, M.D., Inc. (King) prepared and submitted a medical report to the State Compensation Insurance Fund that defamed him and misrepresented his physical condition arising from an industrial accident. Because King’s report is a prelitigation communication privileged under Civil Code section 47, subdivision (b), we affirm the judgment.
 

 
 *1187
 
 2.
 
 Facts
 

 Harris’s opening brief contains exhibits that are not a part of the clerk’s transcript and therefore have not been considered by this court. The brief also contains “facts” not a part of the complaint that was the subject of the demurrer and therefore have not been considered by this court.
 
 (Doers
 
 v.
 
 Golden Gate Bridge etc. Dist.
 
 (1979) 23 Cal.3d 180, 184 [151 Cal.Rptr. 837, 588 P.2d 1261].)
 

 The first amended complaint asserts causes of action for general negligence, fraud, libel, and perjury and seeks damages, including exemplary damages, arising out of King’s preparation and submission of a medical report on Harris’s medical condition to State Compensation Insurance Fund. Harris alleges that the report was intentionally false, libelous, and negligent. He alleges resulting damages consisting of the termination of his temporary disability payments, rehabilitation benefits, and permanent partial disability benefits.
 

 Harris contends that King was his treating physician and in that capacity owed him a fiduciary duty. Harris bases that assertion upon factual recitations in the brief not included in the first amended complaint and of which this court cannot take notice.
 
 (Pulver
 
 v.
 
 Avco Financial Services
 
 (1986) 182 Cal.App.3d 622, 632 [227 Cal.Rptr. 491].)
 

 The essence of the Harris complaint is that the King report to the State Compensation Insurance Fund damaged him because of its inaccuracies, whether negligent or intentional. The complaint does not allege King treated Harris, or if he did that the treatment fell below the community standard of care. This court will limit itself to an analysis of the claim alleged by Harris in his first amended complaint.
 

 3.
 
 Discussion
 

 a.
 
 The Litigation Privilege Bars Harris’s Claim
 

 Harris denies that Civil Code section 47, subdivision (b) creates a privilege for the report prepared by King. That section provides that “A privileged publication ... is one made: [U . . . [<]0 (b) In any ... (2) judicial proceeding . . . .” That privilege is absolute
 
 (Williams
 
 v.
 
 Coombs
 
 (1986) 179 Cal.App.3d 626, 645 [224 Cal.Rptr. 865]), and applies to communications involving quasi-judicial proceedings, including workers’ compensation proceedings.
 
 (Urbaniak
 
 v.
 
 Newton
 
 (1991) 226 Cal.App.3d 1128 [277 Cal.Rptr. 354].)
 

 
 *1188
 
 Harris alleged he was receiving workers’ compensation benefits as the result of a work related injury. In connection with that proceeding, King communicated his report to the workers’ compensation insurance carrier. King’s communication satisfies the requirements for application of the litigation privilege because it was made in a quasi-judicial proceeding, by participants authorized by law to achieve the objects of the litigation, and the communication had a logical relation to that proceeding.
 
 (Silberg
 
 v.
 
 Anderson
 
 (1990) 50 Cal.3d 205, 212 [266 Cal.Rptr. 638, 786 P.2d 365].) The King report is therefore absolutely privileged and is not actionable even if prepared and communicated maliciously and with knowledge of its falsity.
 
 (Washer
 
 v.
 
 Bank of America
 
 (1943) 21 Cal.2d 822, 832 [136 P.2d 297, 155 A.L.R. 1338].)
 

 b.
 
 Other Claims by Harris Moot
 

 The absolute privilege of Civil Code section 47, subdivision (b) applies to all torts other than malicious prosecution, including fraud, negligence and negligent misrepresentation.
 
 (Edwards
 
 v.
 
 Centex Real Estate Corp.
 
 (1997) 53 Cal.App.4th 15, 29 [61 Cal.Rptr.2d 518].) The King report therefore cannot be the basis for the Harris claims of negligence and fraud. Those claims are rendered moot by this court’s decision on the absolute privilege.
 

 The claim for negligence is not sufficient, even if the absolute privilege did not apply to the report. As written, the cause of action for negligence refers only to King’s actions in preparing a report and submitting it to a workers’ compensation insurer. As a matter of law, King owed no duty to Harris in that process and no claim can be stated based upon those facts.
 
 (Keene
 
 v.
 
 Wiggins
 
 (1977) 69 Cal.App.3d 308, 313-314 [138 Cal.Rptr. 3].)
 

 The claim of fraud is likewise insufficient, even ignoring the absolute privilege. Harris does not allege reliance upon King’s alleged misrepresentations. To state a cause of action for deceit based on a misrepresentation, Harris must plead that he actually relied on the misrepresentation.
 
 (Mirkin
 
 v.
 
 Wasserman
 
 (1993) 5 Cal.4th 1082,1089, fn. 2 [23 Cal.Rptr.2d 101, 858 P.2d 568].)
 

 Dismissal of Harris’s second amended complaint was appropriate. (Code Civ. Proc., § 472.) The trial court did properly consider the allegations in the second amended complaint to determine whether to sustain the demurrer without leave to amend. The second amended complaint relied upon the written report submitted by King and therefore suffered from the same deficiency contained in the first amended complaint.
 

 4.
 
 Conclusion
 

 Harris filed a workers’ compensation claim and had been receiving certain benefits as a result. The medical report prepared by King was therefore a
 

 
 *1189
 
 communication in connection with a quasi-judicial proceeding and absolutely privileged. The report cannot be the basis for Harris’s claims against King.
 

 5.
 
 Disposition
 

 Judgment affirmed. Costs on appeal awarded to respondent.
 

 Hollenhorst, Acting P. J., and Ward, J., concurred.
 

 A petition for a rehearing was denied February 2, 1998, and appellant’s petition for review by the Supreme Court was denied April 15, 1998.