[No. B131690. Second Dist., Div. Three. Dec. 20, 2000.]

LARAINE KUEHN, Plaintiff and Appellant, v.
GARRETT KUEHN, Defendant and Respondent.

COUNSEL

Rick Edwards and Dominador Tolentino for Plaintiff and Appellant.

Wolfe & Wolfe and Bruce P. Wolfe for Defendant and Respondent.

OPINION

**KLEIN, P. J.**—Plaintiff and appellant Laraine Kuehn (Laraine) appeals an order of dismissal following the sustaining without leave to amend of a

demurrer interposed by defendant and respondent Garrett Kuehn (Garrett) to her second amended complaint.[1, 2]

The issues presented are whether Laraine has stated a cause of action for equitable relief from a dissolution judgment based on extrinsic fraud, or for tortious concealment of community assets.

We conclude Laraine's claim for equitable relief is well pled. However, no tort remedy lies in these circumstances. Therefore, the order is reversed in part and affirmed in part.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties were married in 1975. In the dissolution proceedings, which were concluded in 1990, Garrett, an attorney, was represented by counsel, while Laraine represented herself in propria persona. The judgment of dissolution was entered on May 22, 1990, and a stipulation and order modifying the judgment of dissolution was entered November 20, 1990.

On December 2, 1998, Laraine filed a second amended complaint in the civil court, seeking equitable relief in the form of a vacation of the family court's judgment of dissolution, as well as damages for fraud and conversion.

Laraine alleged in relevant part: "In or about 1989-1990, in connection with the dissolution of their marriage, Defendant, an attorney, falsely represented to Plaintiff that, as required by law, he had disclosed to her all community property and separate property assets. Plaintiff did not have counsel, being told by Defendant, in another of his false representations, that his counsel in fact represented them both. Plaintiff justifiably relied upon Defendant's false representations, as was Defendant's intention, believing that he would and had disclosed as the law required. Plaintiff is informed and believes and thereon alleges that Defendant obtained the entry of judgment through extrinsic fraud in that Defendant wilfully concealed from plaintiff and did not disclose certain community and separate assets. These assets include without limitation, Defendant's pension plan, bank accounts, tax deferred accounts, coins, outstanding accounts receivable, and the SBC1184 limited partnership (collectively hereinafter 'ASSETS'). As a result,

[1] An order of dismissal signed by a trial court and filed in the action constitutes a judgment and is effective for all purposes. (Code Civ. Proc., § 581d.)

[2] As is customary in family law cases, we refer to the parties by their first names for purposes of clarity and not out of disrespect. (See *In re Marriage of Olsen* (1994) 24 Cal.App.4th 1702, 1704, fn. 1 [30 Cal.Rptr.2d 306]; *Askew v. Askew* (1994) 22 Cal.App.4th 942, 947, fn. 6 [28 Cal.Rptr.2d 284].)

Plaintiff suffered damages from not obtaining a fair and equitable judgment which reflected all community property and separate property assets. Instead, relying upon Defendant's false representations, she stipulated to a judgment that Defendant obtained by fraud, and pursuant to which she got no part of the ASSETS, except the pension plan, as described hereinafter. Defendant would not have so stipulated had she known the truth. *The judgment should be set aside.* [¶] . . . Plaintiff learned of possible fraud and began making inquiries in June of 1997. These inquiries have since revealed that Defendant fraudulently misrepresented and concealed the ASSETS." (Italics added.)

The first cause of action sought a setting aside of the judgment. In the second cause of action for fraud, Laraine alleged Garrett "did not provide the accurate amount of his pension plan's current dollar value. . . . Thus, [she] was damaged in that she received much less than what she was entitled to receive had [he] disclosed the true value of the pension plan." In the third cause of action, conversion, Laraine pled that in May 1990 Garrett converted the marital assets to his own use, causing her to suffer damage in a sum exceeding $100,000.

Garrett demurred. He asserted the pleading failed to state facts sufficient to constitute a cause of action, and that the action was barred by Family Code section 2122,[3] which requires an action to vacate a dissolution judgment based on fraud to be brought within one year after the date on which the complaining party either discovered, or should have discovered, the fraud.

The trial court sustained the demurrer without leave to amend. It ruled: "1. [T]here was nothing specific to show what events she was complaining of and nothing shown what was done to her detriment. [¶] 2. As a matter of public policy this type of civil suit should not be permitted to circumvent the family court rules when there are adequate remedies within the family law action itself, to the extent that assets[] were not adjudicated . . . Family Code [section] 2556 allows the aggrieved party to litigate those assets that were not adjudicated. [¶] 3. [To] the . . . extent that the assets were adjudicated in the judgment, they were not concealed at the time of this judgment. The disclosure duties were not the same as they are now. Husband was required to disclose the existence of assets, but wife was charged with the duty of finding out their value. The then existing law of set aside, under CCP 473 drew a distinction between the non disclosure of the existence of an asset, which was determined to be extrinsic fr[au]d, and the non disclosure of evidence of value, which was determined to be intrinsic fr[au]d. [A]

---

[3]All further statutory references are to the Family Code unless otherwise indicated.

set aside could only be based on extrinsic fraud. There is no basis in law or equity to resurrect in a civil suit a claim that could not have been the subject of set aside in the family law action itself."

Laraine filed a timely notice of appeal from the order of dismissal.

## CONTENTIONS

Laraine contends: she is entitled to seek tort and equitable remedies outside the family court for Garrett's concealment of assets; she properly pled her claim for equitable relief from the judgment by alleging sufficient ultimate facts showing extrinsic fraud; her complaint alleges sufficient facts to support her causes of action for fraud and conversion; and she should have been granted leave to amend.

## DISCUSSION

### 1. *Standard of appellate review.*

■ A demurrer serves to test the sufficiency of a pleading by raising questions of law. (*Buford v. State of California* (1980) 104 Cal.App.3d 811, 818 [164 Cal.Rptr. 264].) When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) The allegations are regarded as true and are liberally construed with a view to attaining substantial justice. (*Shaeffer v. State of California* (1970) 3 Cal.App.3d 348, 354 [83 Cal.Rptr. 347]; *King v. Central Bank* (1977) 18 Cal.3d 840, 843 [135 Cal.Rptr. 771, 558 P.2d 857].)

When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility the defect can be cured by amendment. If it can, the trial court abused its discretion and we reverse; if not, there was no abuse of discretion and we affirm. (*Blank v. Kirwan, supra,* 39 Cal.3d at p. 318.)

### 2. *Section 2120 et seq. is inapplicable because the instant judgment was entered prior to the effective date of the statutory scheme.*

■ In 1993, a chapter entitled Relief From Judgment was added to the Family Code. (§§ 2120-2129; Stats. 1993, ch. 219, § 108, pp. 1615-1617.) The statutory scheme authorizes an action or motion to set aside a dissolution judgment on specified grounds, including fraud and perjury. (§§ 2122, 2125.)

Section 2122 provides in relevant part: "The grounds and time limits for a motion to set aside a judgment, or any part or parts thereof, are governed by this section and shall be one of the following: [¶] (a) Actual fraud where the defrauded party was kept in ignorance or in some other manner, other than his or her own lack of care or attention, was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought *within one year* after the date on which the complaining party either did discover, or should have discovered, the fraud." (Italics added.)

With respect to the application of the statutory scheme, section 2129 provides: "This chapter applies to judgments entered on or after January 1, 1993."

The instant judgment of dissolution was entered in 1990. Therefore, section 2120 et seq. is inapplicable and Garrett's reliance thereon is misplaced.

3. *First cause of action: Laraine properly pled extrinsic fraud as basis for equitable relief from the judgment.*

Because section 2120 et seq. is inapplicable, Laraine's remedy is a traditional action for equitable relief from the judgment based on extrinsic fraud. That is the theory of her first cause of action.

In a traditional action for equitable relief based upon extrinsic fraud in obtaining a judgment, the facts constituting the fraud must be pleaded with particularity and specificity. (*Huron College v. Yetter* (1947) 78 Cal.App.2d 145, 150 [177 P.2d 367].) Further, before a party may invoke the aid of equity for relief from a judgment, she must not only allege matters wherein the judgment was fraudulently obtained, but must also allege that she has a meritorious case, so that if the facts were proven a different result would ensue. (*Ibid.*)

As indicated, Laraine alleged: In connection with the dissolution of their marriage, Garrett, an attorney, falsely represented to her that he had disclosed to her all community property and separate property assets. Laraine did not have counsel, being told by Garrett that his counsel in fact represented them both. Laraine justifiably relied upon Garrett's false representations, as was his intention. Garrett obtained the entry of judgment through extrinsic fraud in that he wilfully concealed from her certain community and separate assets. These assets included Garrett's pension plan, bank accounts, tax deferred accounts, coins, outstanding accounts receivable,

and a limited partnership interest. Relying on Garrett's misrepresentations, Laraine stipulated to a judgment pursuant to which she obtained no part of the assets except the pension plan. Laraine would not have so stipulated had she known the truth. She learned of possible fraud and began making inquiries in June of 1997. These inquiries revealed that Garrett had fraudulently misrepresented and concealed assets in the dissolution proceeding.

Taking these allegations as true, pursuant to the usual rules on demurrer, we conclude the first cause of action is sufficient to state a claim for equitable relief based upon extrinsic fraud.

Extrinsic fraud occurs where a party is deprived of the opportunity to present her claim or defense to the court, or in some manner fraudulently prevented from fully participating in the proceeding. (*In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 140 [63 Cal.Rptr.2d 894].) It follows that convincing a wife not to obtain counsel on the ground the husband's attorney represents both spouses is a form of extrinsic fraud. (*Ibid.*) Further, concealment of community assets is extrinsic fraud and therefore a basis for equitable relief from the judgment. (*Ibid.*)

With respect to whether Laraine reasonably relied on Garrett's representations regarding the community assets, at the relevant time in 1990, Civil Code former section 5125 stated in relevant part: "(e) Each spouse shall act in good faith with respect to the other spouse in the management and control of the community property in accordance with the general rules which control the actions of persons having relationships of personal confidence as specified in Section 5103, until such time as the property has been divided by the parties or by a court. This duty includes the obligation to make full disclosure to the other spouse of the existence of assets in which the community has an interest[.]" Given Garrett's duty of disclosure regarding the community assets, Laraine was entitled to rely on his representations.

As for the requirement that Laraine allege she has a meritorious case so that a different result would ensue, Laraine pled that had she been duly advised, she would not have stipulated to the distribution which was made. Laraine further pled that she learned of the fraud in June 1997 and thus brought this action with reasonable diligence thereafter.

We conclude Laraine has stated a claim for equitable relief from the judgment based on extrinsic fraud. Therefore, the trial court should have overruled the demurrer to the first cause of action.

### a. *Distinction between extrinsic and intrinsic fraud.*

As explained in *Rubenstein v. Rubenstein* (2000) 81 Cal.App.4th 1131, 1144, footnote 7 [97 Cal.Rptr.2d 707], "[p]rior to the enactment of

section 2120 et seq., the law recognized a distinction between extrinsic fraud, which was a basis for setting aside a judgment even after the expiration of the six-month period under Code of Civil Procedure section 473, and intrinsic fraud, such as perjury, which was not a valid ground for relief."

██ Extrinsic fraud occurs " 'when a party is deprived of his opportunity to present his claim or defense to the court, where he was kept in ignorance or in some other manner fraudulently prevented from fully participating in the proceeding. [Citation.] *Examples of extrinsic fraud are: concealment of the existence of a community property asset, failure to give notice of the action to the other party, convincing the other party not to obtain counsel because the matter will not proceed (and it does proceed). [Citation.] A party's representation of the value of an asset, favorable to himself, does not constitute extrinsic fraud. [Citation.]* . . . [¶] 'Fraud is intrinsic and not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary, but has unreasonably neglected to do so. [Citation.] Such a claim of fraud goes to the merits of the prior proceeding which the moving party should have guarded against at the time. Where the defrauded party failed to take advantage of liberal discovery policies to fully investigate his or her claim, any fraud is intrinsic fraud. [Citation.]' [Citation.]" (*In re Marriage of Varner, supra,* 55 Cal.App.4th at p. 140, italics added.)

██ Thus, to the extent Laraine alleged she was defrauded by Garrett's misrepresentation to her of the value of his pension plan, she merely alleged intrinsic fraud, which is not grounds for vacating a judgment. However, Laraine's further allegation that Garrett concealed community assets from her raised a claim of extrinsic fraud, which is a ground for equitable relief. Further, Laraine's allegation that Garrett persuaded her not to retain counsel by falsely representing to her that his attorney represented them both, likewise alleged extrinsic fraud which prevented her from fully participating in the proceeding.[4]

In sum, Laraine adequately alleged extrinsic fraud for purposes of stating a cause of action for equitable relief from the judgment.

---

[4]*In re Marriage of Bonds* (2000) 24 Cal.4th 1 [99 Cal.Rptr.2d 252, 5 P.3d 815], which upheld a premarital agreement even though one of the parties was not represented by independent counsel, is inapposite. *Bonds* held the circumstance that one of the parties was not represented by independent counsel is only one of several factors to be considered in determining whether a premarital agreement was entered into voluntarily. (*Id.* at p. 6.) Here, the issue is not the voluntariness of an agreement but rather, whether Garrett procured the judgment through extrinsic fraud by falsely representing to Laraine that his counsel represented them both.

#### 4. *No cause of action available in tort.*

■ The second and third causes of action sound in tort and seek damages for fraud and conversion. As discussed, because the dissolution judgment was entered in 1990, section 2120 et seq. does not govern this case. The issue presented is whether, in addition to a traditional claim for equitable relief from the judgment based on extrinsic fraud, Laraine can state a cause of action in tort for Garrett's alleged concealment of community assets. As explained below, there is no tort remedy for concealment of community assets in a dissolution proceeding. Laraine's remedy is limited to an action or motion to vacate the judgment.

In support of her tort causes of action, Laraine relies on *Dale v. Dale* (1998) 66 Cal.App.4th 1172 [78 Cal.Rptr.2d 513], which held a defrauded spouse may bring a tort action for concealment of community assets as an alternative to moving to set aside the dissolution judgment. (*Id.* at pp. 1178-1183.) However, as we explained in *Rubenstein*, the *Dale* decision clearly was a major departure from existing law and its remedy has not been followed by any California court. (*Rubenstein v. Rubenstein, supra*, 81 Cal.App.4th at pp. 1146-1147, fn. 9.) "Where a civil judgment is procured by extrinsic fraud, the normal remedy is to seek equitable relief from the judgment, not to sue in tort. (See, e.g., *Brink v. Brink* (1984) 155 Cal.App.3d 218, 220 [202 Cal.Rptr. 57] [aggrieved spouse brought an independent action in equity to vacate the judgment of dissolution on ground of extrinsic fraud]; see generally, 8 Witkin, Cal. Procedure [(4th ed. 1997)] Attack on Judgment in Trial Court, § 214 et seq., p. 718 et seq., § 223, pp. 727-728.) Moreover, the absolute litigation privilege of Civil Code section 47, subdivision (b), bars derivative tort actions and 'applies to all torts other than malicious prosecution, including fraud, negligence and negligent misrepresentation. [Citation.]' (*Harris v. King* (1998) 60 Cal.App.4th 1185, 1188 [70 Cal.Rptr.2d 790]; accord *Edwards v. Centex Real Estate Corp.* (1997) 53 Cal.App.4th 15, 28-29 [61 Cal.Rptr.2d 518].)" (*Rubenstein, supra*, 81 Cal.App.4th at p. 1147.)

For these reasons, we decline to follow *Dale* and conclude that Laraine is incapable of stating a cause of action in tort for concealment of community assets. Therefore, the trial court properly sustained the demurrer without leave to amend as to the second and third causes of action.

#### DISPOSITION

The order of dismissal is reversed as to the first cause of action and is affirmed as to the second and third causes of action. Laraine's action for

equitable relief from the judgment is remanded to the family court for further proceedings. (*Rubenstein v. Rubenstein, supra*, 81 Cal.App.4th at p. 1152.)

Laraine is awarded her costs on appeal.

Croskey, J., and Kitching, J., concurred.