Filed 6/17/14  Jones v. Hilliker CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| LINDA JONES, | |
| Plaintiff and Appellant, | E056953 |
| v. | (Super.Ct.No. RIC1120460) |
| DOUGLAS R. HILLIKER, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Paulette Barkley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Linda Jones, in pro. per., for Plaintiff and Appellant.

Law Office of Jim Husen and Jim Husen for Defendant and Respondent.

Plaintiff and appellant Linda Jones appeals from a judgment entered after the trial court sustained a demurrer to her complaint without leave to amend.  The trial court held that exclusive jurisdiction over the subject matter of the complaint—Jones's claim that her former husband, defendant and respondent Douglas Hilliker, fraudulently concealed

1

the community property character of the house in which they resided during the marriage—lay with the family law court, which had retained jurisdiction over issues pertaining to the division of property.

We will affirm the judgment.

BACKGROUND

The following facts are alleged in the complaint:

Jones and Hilliker were married in 1981 and separated in December 1986. In March 1986, Jones went to Army basic training in Alabama for eight weeks. Before she left for Alabama, she and Hilliker had been living in an apartment in Corona, California. When she returned from Alabama, Hilliker told her that he had rented a house located at 607 Highland Road in Lake Elsinore, California. In fact, Hilliker had purchased the house, on or about April 2, 1986. Hilliker had falsely represented on the deed and other documents related to the purchase that he was "an unmarried man."

Hilliker never disclosed to Jones that he had purchased the house. In December 1986, Hilliker asked Jones for a divorce and presented her with a marital settlement agreement. Hilliker told Jones that the agreement listed all of the property they owned— not including the residence—and Jones reasonably relied on his representation. Jones signed the agreement.

Judgment of dissolution and division of property based on the marital settlement agreement was entered on September 3, 1987. In 2010, another ex-husband of Jones told her that Hilliker "lied in the divorce," but did not say how. In January 2011, Jones obtained documents showing that Hilliker had purchased, not rented, the house.

2

On June 30, 1987, Hilliker sold the house for $55,000. Jones and Hilliker were not yet divorced when he sold it, but he again acted to conceal the community nature of the house by claiming he was an unmarried man.

The record further discloses that on October 1, 2010, Jones filed an order to show cause (OSC) in the family law court of the Superior Court of Los Angeles County in Torrance, which had heard the dissolution proceedings. Among other things, she sought to have the court deem the residence an omitted asset.

On May 2, 2011, a hearing was held on the OSC. Jones's attorney did not appear. Jones said that her attorney had had an emergency. Jones had no evidence in support of her contentions concerning the house. The court denied the OSC without prejudice and told Jones that she could refile if she obtained evidence that the house was community property and that Hilliker had intentionally concealed that fact.

A subsequent hearing on the OSC was held on July 25, 2011. The court again found that Jones had failed to produce any evidence that the house was community property or that Hilliker had fraudulently concealed a community asset and denied the motion.

On December 30, 2011, Jones filed her complaint in the Superior Court of Riverside County, alleging fraud and breach of fiduciary duty. Hilliker demurred on the ground that by virtue of its express reservation of jurisdiction, the Torrance family law court had jurisdiction over the matter. Opposition and reply papers were filed, and a hearing was held on June 28, 2012. The trial court found that the family law court had

reserved jurisdiction and that the Riverside court therefore lacked jurisdiction. The court sustained the demurrer without leave to amend.

Jones filed a notice of appeal from the June 28, 2012, order. Judgment was entered on August 29, 2012. We deemed the notice of appeal to have been taken from the judgment.

DISCUSSION

THE TRIAL COURT PROPERLY SUSTAINED THE DEMURRER

*Standard of Review*

When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) We assume the truth of all facts properly pleaded in the complaint. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 5.) When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility the defect can be cured by amendment. If it can, the trial court abused its discretion and we reverse; if not, there was no abuse of discretion and we affirm. (*Blank v. Kirwan*, at p. 318.)

*Jones Has No Claim in Tort for Concealment of Community Assets.*

As noted above, the trial court's ruling was based on the Torrance family law court's reservation of jurisdiction over community property or after-discovered property. Neither party cites us to such a reservation in the record. In the dissolution judgment, the court reserved jurisdiction "to carry out the terms and provisions of this judgment." However, because the judgment does not address whether the house was community property, that determination is not part of carrying out the judgment. We do not see an

4

oral reservation of jurisdiction in the transcript of either of the hearings on Jones's orders to show cause. As we discuss below, it is nevertheless at least arguable that the family law court does have continuing and exclusive jurisdiction over allegedly omitted community property. Regardless of the outcome of that argument, however, it is clear that the Riverside court has no jurisdiction to entertain Jones's tort claims.

Jones relies upon *Dale v. Dale* (1998) 66 Cal.App.4th 1172 (*Dale*) to assert that instead of seeking relief in the family law court, she may seek damages in tort for fraudulent concealment of community assets. In *Dale*, at page 1183, the court held that where "the dissolution proceeding ha[d] been finally disposed of by means of a final judgment," a person may sue a former spouse in civil court for tortious concealment of community property. The court agreed with the plaintiff that although the family law court had continuing jurisdiction to divide assets omitted from the judgment, "'*continuing* jurisdiction does not equate to *exclusive* jurisdiction.'" (*Id.* at p. 1179; see also pp. 1178-1183.)

In *Kuehn v. Kuehn* (2000) 85 Cal.App.4th 824 (*Kuehn*), faced with a claim that a husband concealed community assets in a dissolution in which judgment had become final before the wife discovered the concealment, the court held although the wife could state an equitable cause of action in civil court to set aside the judgment for extrinsic fraud, no cause of action in tort was available:

"In support of her tort causes of action, [the plaintiff] relies on [*Dale, supra*, 66 Cal.App.4th 1172], which held a defrauded spouse may bring a tort action for concealment of community assets as an alternative to moving to set aside the dissolution

5

judgment. (*Id*. at pp. 1178–1183.) However, as we explained in *Rubenstein* [*v. Rubenstein* (2000) 81 Cal.App.4th 1131], the *Dale* decision clearly was a major departure from existing law and its remedy has not been followed by any California court. (*Rubenstein v. Rubenstein*, *supra*, 81 Cal.App.4th at pp. 1146–1147, fn. 9.) 'Where a civil judgment is procured by extrinsic fraud, the normal remedy is to seek equitable relief from the judgment, not to sue in tort. [Citations.] Moreover, the absolute litigation privilege of Civil Code section 47, subdivision (b), bars derivative tort actions and "applies to all torts other than malicious prosecution, including fraud, negligence and negligent misrepresentation. [Citation.]" [Citations.]' (*Rubenstein*, *supra*, 81 Cal.App.4th at p. 1147.) [¶] For these reasons, we decline to follow *Dale* and conclude that [the plaintiff] is incapable of stating a cause of action in tort for concealment of community assets." (*Kuehn*, *supra*, 85 Cal.App.4th at p. 834.)

We agree. Accordingly, regardless of the scope of the family law court's continuing jurisdiction, the demurrer was properly sustained as to Jones's tort claims. The question then becomes whether the court abused its discretion by sustaining the demurrer without leave to amend.

*Jones Has Not Shown That She Could Amend the Complaint to State a Cause of Action*

When a demurrer is sustained without leave to amend, "'"we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility

6

is squarely on the plaintiff.' [Citations.]" (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) Although the general rule is that allegations of a complaint are to be liberally construed with a view to substantive justice between the parties and that amendment of the complaint should be allowed if the facts alleged state a cause of action on any legal theory (see *Careau & Co. v. Security Pacific Business Credit, Inc*. (1990) 222 Cal.App.3d 1371, 1387-1388), "there is nothing in the general rule of liberal allowance of pleading amendment which 'requires an appellate court to hold that the trial judge has abused his discretion if on appeal the plaintiffs can suggest no legal theory or state of facts which they wish to add by way of amendment.' [Citation.] The burden is on the plaintiffs to demonstrate that the trial court abused its discretion and to show in what manner the pleadings can be amended and how such amendments will change the legal effect of their pleadings." (*Ibid*.)

As discussed in *Kuehn*, *supra*, 85 Cal.App.4th 824, there is a traditional common-law cause of action in equity to set aside a judgment which was procured by means of extrinsic fraud. (*Id.* at p. 831.) Intentional concealment of a community asset constitutes extrinsic fraud because it deprives the other spouse of the opportunity to fully present his or her claim to the court. (*Id.* at pp. 831-832.) This common-law claim may be brought outside the family law proceedings. (*Ibid*.) Here, although Jones does not argue that her complaint could be amended to state such an equitable cause of action, it is clearly arguable that her complaint states, or could be amended to state, facts sufficient to support such a cause of action. (*Ibid*. [pleading requirements for equitable cause of

action].)  Accordingly, we could reverse the judgment and remand with directions to allow Jones to file an amended complaint.

However, it is also arguable that the traditional equitable remedy has been abrogated with respect to a claim that a former spouse fraudulently concealed community property and that a family law court does have exclusive jurisdiction over such a claim, regardless of any express reservation of jurisdiction.  In 1989, the Legislature enacted former Civil Code section 4353, which provided:  "In any action for legal separation or dissolution or annulment of a marriage, the court has continuing jurisdiction to award community property or community debts to the parties that has not been previously awarded by a judgment therein.  A party may file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community asset omitted or not awarded by the judgment."  Currently, Family Code section 2556 contains the same provisions.

In *In re Marriage of Hixson* (2003) 111 Cal.App.4th 1116, the court discussed the history of these statutes:

"Prior to enactment of former Civil Code section 4353, a spouse who believed that community property had not been adjudicated in a prior dissolution proceeding was required to bring a separate civil action.  (*Henn v. Henn* (1980) 26 Cal.3d 323, 330–332 [ ].)  'There are no reported decisions that have held that a community property claim to an asset left unmentioned in a prior judicial division of community property may be adjudicated in a motion to modify the prior decree.  The only reported decisions that

8

address this issue correctly conclude that such claims may only be adjudicated in a separate action.  [Citations.]'  (*Id*. at p. 332.)

"The legislative history of former Civil Code section 4353 indicates that it was sponsored by the author of a noted treatise on family law, Justice Donald King.  Justice King believed that permitting litigation of unadjudicated community property claims by way of orders to show cause in the prior family law matter 'would be considerably less expensive, less burdensome on the court, save a great deal of judicial time, permit resolution of the dispute within a very short period of time, and permit the aggrieved party to obtain attorney fees and costs which would not otherwise be available.'  (Sen. Com. on Judiciary, Rep. on Assem. Bill No. 1905 (1989–1990 Reg. Sess.) July 18, 1989.)"  (*In re Marriage of Hixson*, *supra*, 111 Cal.App.4th at p. 1121.)  The court did not further elucidate the legislative history of former Civil Code section 4353.

From this fragment of the legislative history, it appears that in enacting that statute, the Legislature may have intended to create an exclusive remedy with respect to the omission of community property, fraudulently or otherwise.  Without engaging in further research into the legislative history of former Civil Code section 4353, we cannot say as a matter of law that Jones has an equitable cause of action outside the family law action.  (Cf. *Kuehn*, *supra*, 85 Cal.App.4th at pp. 831-832.)  In the absence of briefing which supports the continuing viability of such an equitable cause of action in a matter involving community property allegedly omitted from a family law judgment, we decline

9

to address the issue.[1]  (*Careau v. Security Pacific Business Credit, Inc.*, *supra*, 222 Cal.App.3d at pp. 1387-1388.)  Similarly, because Hilliker has not raised the defense of res judicata, we also need not decide whether the denial of Jones's second motion in the Torrance family law court precludes further litigation in any court on the question of the character of the property.

DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

KING
J.

CODRINGTON
J.

---

[1]  Family Code section 2556 was enacted in 1992.  (Stats. 1992, ch. 162, § 10.)  Its predecessor, former Civil Code section 4353 was enacted in 1989.  (Stats. 1989, ch. 1105, § 2.)  Judgment in the parties' dissolution was filed in 1987.  Accordingly, it is also arguable that those statutes do not apply to the parties' dissolution.