Filed 2/9/22  Ghalehtak v. Fay Servicing CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| FARID GHALEHTAK et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>FAY SERVICING, INC.,<br><br>     Defendant and Respondent. | A161795<br><br>(Alameda County<br>Super. Ct. No.<br>RG18898872) |

**MEMORANDUM OPINION[1]**

Plaintiffs and appellants have spent years challenging the nonjudicial foreclosure of their residential property.  They filed two cases in federal court in an effort to halt foreclosure, both of which were unsuccessful.[2]  They then

---

[1]  This case is appropriately resolved by way of memorandum opinion pursuant to pursuant to California Standards of Judicial Administration, section 8.1, subdivisions (1) and (3).

[2]  In their first case (no. 3:15-cv-05821-LB), filed in December 2015, plaintiffs sought "rescission" of their mortgage for alleged "defective securitization," asserting numerous federal and state law claims.  The federal court dismissed all the federal claims on the merits and declined to exercise pendent jurisdiction over the remaining state-law claims.

In their second case (no. 3:17-cv-05976-EMC), filed in October 2017, plaintiffs challenged the then-ongoing nonjudicial foreclosure proceedings on the ground Fay Servicing, LLC and Trustee Corps lacked clear title to their property due to an allegedly improper assignment of the deed of trust from

1

turned to the state courts and filed the instant case after the trustee's sale, asserting numerous state law causes of action. The trial court sustained the defendants' demurrer on a variety of grounds, including res judicata and collateral estoppel. We affirmed the judgment of dismissal on January 28, 2020 (No. A156227).[3]

Ten months after we affirmed the judgment of dismissal, plaintiffs, representing themselves, returned to the trial court with a "Motion For Equitable Relief From Judgment On The Grounds Of Fraud."[4] (Some capitalization omitted.) Plaintiffs maintained that "through a review of documents recorded in their chain of title on their Property," they found "new" recorded instruments that Sahara Property Management, LLC was "not the true beneficiaries" of the note and deed of trust. According to plaintiffs, these new records showed that defendants had procured the judgment of dismissal through factual misrepresentations about the foreclosure process.

Sahara apparently entered the picture at the time of the trustee's sale, in May 2018. The "Trustee's Deed Upon Sale," prepared on instructions by Wilmington Trust, National Association, inadvertently named Sahara as the

---

Mortgage Electronic Registration Systems, Inc. (MERS) to FNBN I, LLC. Plaintiffs asserted one federal and numerous state law claims. The federal court dismissed all the claims on the merits and on res judicata grounds. The judgment was affirmed on appeal to the Ninth Circuit.

[3] We denied rehearing on February 25, 2020. Plaintiffs apparently attempted to file a petition for review but was unsuccessful in doing so.

[4] Plaintiffs disclaim any reliance on Code of Civil Procedure section 473, subdivision (d), pursuant to which a motion to vacate may be granted more than six months after a judgment is entered, but only if the judgment is void of its face. (See *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021.)

foreclosing beneficiary and grantee at the trustee's sale, when, in fact, Wilmington had made the credit-bid at the sale. This error was discovered the following year, and a "Corrective Trustee's Deed Upon Sale" was recorded on August 28, 2019.[5]

Plaintiffs supported their motion for equitable relief with a proffered 32-page affidavit by one Richard Kalinoski, a Florida attorney who claims to be an expert in "foreclosure defense litigation," with extensive knowledge of "the securitization process." As far as we can discern, plaintiffs have included only the first 23 pages of this affidavit in the record. In the portions that are in the record, Kalinoski opined the documentation associated with the mortgage and foreclosure was rife with problems that should have precluded foreclosure and sale. He seemingly summed up on page 22, stating, "Simply said, since there was no evidence that SAHARA held any interest under the note in 2018 at the trustee's sale, and considering the evidence that MERS could not lawfully transfer an interest in the note or mortgage to FNBA in 2015, due to the fact that MERS had no interest in the 2007 note to transfer, FNBA could not legally transfer interest in the subject note" to Wilmington in 2017.[6]

---

[5] In the meantime, in February 2019, Sahara had filed an unlawful detainer action to oust plaintiffs from the property. This action was dismissed in November 2019, after the trustee's deed was corrected and Wilmington Trust had filed an unlawful detainer action.

[6] Plaintiffs had already filed this affidavit, or a variation thereof, and advanced their extrinsic fraud argument in Wilmington Trust's unlawful detainer action, challenging Wilmington's right to possession of the property. They had also advanced their extrinsic fraud argument in support of their petition for rehearing of our decision affirming the judgment of dismissal.

Defendants filed written opposition, and after plaintiffs failed to contest the trial court's tentative ruling denying their motion on a number of grounds, the court adopted its tentative as its final ruling.[7]

We need not, and do not, address all of the reasons why the trial court denied plaintiffs' motion, since one of them—the fact plaintiffs failed to make any showing they ever tendered the amount owing, or even offered to tender the amount owing, on the debt—is, in and of itself, dispositive.

To prevail in any effort to collaterally attack a judgment on the ground of extrinsic fraud,[8] the moving party must show that he or she had a meritorious case that he or she was deprived of presenting. (See *Hudson, supra,* 68 Cal.App.5th at p. 664 [" 'moving party must demonstrate that he or she has a meritorious case, that [they have] a satisfactory excuse for not presenting a defense to the original action and that [they] exercised diligence in seeking to set aside the default once the fraud had been discovered' "]; *Kuehn, supra,* 85 Cal.App.4th at p. 831 ["before a party may invoke the aid of

---

[7] The trial court expressly stated that it considered Kalinoski's declaration, overruling defendant's " 'blunderbuss objections' " which the court criticized as oppressive and unhelpful. The court concluded, however, that on careful examination the documentation did not support Kalinoski's assertion that the chain of transactions did not allow for lawful foreclosure. We also observe that Kalinoski's claim—that the entire chain of assignments leading up to the trustee's sale was defective—had been rejected on the merits in plaintiffs' prior federal lawsuits.

[8] We need not decide whether the asserted fraud plaintiffs are complaining about is extrinsic or intrinsic in character. Even assuming it qualifies as extrinsic fraud, which is the only kind of fraud that will support equitable relief from a judgment (see *Hudson v. Foster* (2021) 68 Cal.App.5th 640, 663-664 (*Hudson*) [extrinsic, rather than intrinsic, fraud will support equitable relief from a judgment]; *Kuehn v. Kuehn* (2000) 85 Cal.App.4th 824, 831-833 (*Kuehn*) [same]), plaintiffs failed to make the showing required for equitable relief, as we explain, *infra.*

4

equity for relief from a judgment, she must not only allege matters wherein the judgment was fraudulently obtained, but must also allege that she has a meritorious case, so that if the facts were proven a different result would ensue"].)  While this does not require the moving party to "demonstrate with certainty that a different result would [be] obtain on retrial," the party must present "facts indicating a sufficiently meritorious" case to warrant the exercise of equitable judicial power to reopen a final judgment.  (*In re Marriage of Park* (1980) 27 Cal.3d 337, 346.)

The elements of a wrongful foreclosure cause of action are: " ' "(1) [T]he trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." ' "  (*Sciarratta v. U.S. Bank National Assn.* (2016) 247 Cal.App.4th 552, 561-562; accord, *Crossroads Investors, L.P. v. Federal National Mortgage Assn.* (2017) 13 Cal.App.5th 757, 782.)

The third element, commonly known as the tender rule, requires that "a plaintiff seeking to set aside an irregular sale must allege tender of the full amount of the loan to maintain *any* cause of action that either is based on the wrongful foreclosure allegations or seeks redress from that foreclosure." (*Turner v. Seterus, Inc.* (2018) 27 Cal.App.5th 516, 525, boldface added.)

As the trial court observed in its tentative ruling—which plaintiffs did not contest and which the court then adopted as its final ruling—plaintiffs, in connection with their motion, "present[ed] no evidence that they are prepared to tender the unpaid mortgage obligation, which by their own admission they

5

have not paid since May 2012, or any valid reason why they should be excused from making such a tender." This deficiency, as the foregoing cases make clear, is fatal to a "wrongful foreclosure" case no matter what theory or particular cause of action plaintiffs may claim entitles them to redress for the allegedly improper sale of their property. Accordingly, plaintiffs failed to establish one of the three essential requirements for equitable relief on the basis of supposed extrinsic fraud—that they had a meritorious case.

As defendants point out, plaintiffs also have not demonstrated how they can get around the doctrines of res judicata and collateral estoppel, which were the grounds on which this court affirmed the judgment of dismissal plaintiffs now seek to overturn. That an error was made in the trustee's deed of sale issued *after* the foreclosure and sale—and was corrected—does not alter the essence of their wrongful foreclosure claim, no matter how it is styled—namely, that other than the original lender, no entity had a right to enforce the debt obligation and institute foreclosure proceedings because none had "ownership" of the loan. As the first federal district court characterized their multiple claims, they maintained there had been a "defective securitization of the mortgage." The second federal court, in turn, identified the entire chronology of changes in the "identity of the beneficiary, servicer, and trustee of the mortgage loan," and rejected all of plaintiffs' claims (one federal and seven based on state law) seeking to halt the foreclosure process on the ground the entities engaged in that process, Fay and Trustee Corps, had no right to possession because the initial assignment from MERS to Trustee Corps. purportedly "broke the chain of title to the loan." That is *still* the heart of plaintiffs' claim. As we stated in our prior opinion, the trial court correctly ruled plaintiffs cannot relitigate these issues again—yet that is ultimately what plaintiffs sought to do by way

6

of their motion for equitable relief from the judgment, as evidence by Kalinoski's affidavit filed in support of their motion.  Indeed, much of their brief on appeal from the denial of that motion is devoted to rearguing the merits of their claim that no entity ever established it had "ownership" of the debt and was entitled to proceed with nonjudicial foreclosure.  As we explained in our prior opinion, plaintiffs cannot continue to litigate these claims.

## DISPOSITION

The order denying plaintiffs' "Motion For Equitable Relief From Judgment On The Grounds Of Fraud" (some capitalization omitted) is AFFIRMED.  Defendants to recover costs on appeal.

_____
Banke, J.

We concur:


_____
Margulies, Acting P.J.


_____
East, J.*


*Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A161795, *Ghalehtak et al v. Fay Servicing, LLC*