Filed 5/6/26  Marriage of Cowan CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of COLE W. and JESSICA A. COWAN. | D085987 |
| COLE W. COWAN, | |
| Respondent, | (Super. Ct. No. FLHE2203159) |
| v. | |
| JESSICA A. COWAN, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Riverside County, Sean Lafferty, Judge.  Affirmed.

Jessica A. Cowan, in pro. per.; Law Office of MK Vasquez and Melinda K. Vasquez for Appellant.

Cole W. Cowan, in pro. per., for Respondent.[1]

---

1    "As is customary in family law cases, we refer to the parties by their first names for purposes of clarity and not out of disrespect."  (*Kuehn v. Kuehn* (2000) 85 Cal.App.4th 824, 828, fn. 2.)

## I. INTRODUCTION

The trial court renewed a domestic violence restraining order against Jessica and protecting Cole and the couple's four children. Appealing from that order, Jessica claims the trial court improperly overruled her trial counsel's evidentiary objections. Jessica challenges the trial court's rulings on judicial notice, hearsay, foundation, and authentication. We affirm the court's ruling.

## II. BACKGROUND

In 2022, Cole filed a petition to dissolve his marriage to Jessica. About a year later, he filed a petition seeking a domestic violence restraining order against Jessica.

Pursuant to a stipulation between the parties, the trial court granted a one-year restraining order against Jessica on April 17, 2023. The order included the couple's four minor children as protected parties. The trial court also awarded Cole sole custody of the children, with supervised visitation by Jessica.

On April 8, 2024, Cole filed a request to renew the restraining order. Cole submitted four of his own declarations in support of that request, alleging various violations of the existing restraining order by Jessica. Cole's declarations included screenshots of text messages between Jessica and the couple's children, as well as excerpts of communications between Jessica and Cole on the electronic messaging platform, Talking Parents.

The trial court held an evidentiary hearing over the course of three days on Cole's renewal request. The trial court heard testimony from a professional supervised visitation monitor, Jessica's parents, and Cole. The trial court also took judicial notice of Cole's declarations and admitted a 191-page log of Cole and Jessica's communications on Talking Parents (Exhibit 1).

The trial court concluded that Cole had a reasonable apprehension of future harm from Jessica and renewed the restraining order for 10 years. Jessica's timely appeal followed.

## III. DISCUSSION

### A. *Standards of Review*

"In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has waived a point urged on appeal when it is not supported by accurate citations to the record." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) Jessica argues that her "counsel made numerous evidentiary objections that were improperly overruled, creating the basis for this appeal." To support that claim, Jessica cites the following pages in the reporter's transcript: "5 RT 113-192; 7 RT 213-294; 8 RT 299-365." These citations, which span 229 pages, do not satisfy Jessica's burden of supporting her claims with adequate record citations. We therefore limit our review to the specific evidentiary objections and rulings cited by Jessica.

Additionally, " ' " '[o]bvious considerations of fairness in argument demand that the appellant present all of his [or her] points in the opening brief. . . . Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' " ' " (*High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 111, fn. 2.) Jessica raises the following new claims in her reply brief: the restraining order extension is not supported by substantial evidence, the order harms the children's best interests, the stipulation giving rise to the initial restraining order was coerced, changed circumstances warrant termination of the restraining order, and a professional evaluation is

3

required based on Cole's conduct. Jessica does not justify her failure to raise these issues in her opening brief, and it would be unfair to Cole if we were to address them. We therefore decline to consider these new issues.[2]

Finally, we review for abuse of discretion the specific evidentiary rulings that Jessica challenges. (*Bennett v. Superior Court* (2019) 39 Cal.App.5th 862, 876.) A trial court abuses its discretion if its ruling "rests on an error of law" (*ibid.*) or is " ' "so irrational or arbitrary that no reasonable person could agree with it" ' " (*Property California SCJLW One Corp. v. Leamy* (2018) 25 Cal.App.5th 1155, 1162).

B.     *The Trial Court Did Not Commit Reversible Error in Taking Judicial Notice of Cole's Declarations*

Jessica argues that judicial notice of Cole's declarations was limited to the existence of those documents in the court's file. She therefore contends the court abused its discretion because it accepted the contents of Cole's declarations as evidence.

After Cole testified, his counsel attempted to admit Cole's declarations. The trial court stated that it would instead take judicial notice of those filings and consider their contents. Jessica did not object.

Later in the proceeding, Jessica objected to the text messages depicted in Cole's declarations based on the secondary evidence rule and lack of authentication. The trial court reiterated that pursuant to its normal practice, it took judicial notice of Cole's declarations and considered them as

---

[2]     Unlike her opening brief, Jessica was not represented by counsel when she filed her reply brief. However, as a self-represented litigant, Jessica is entitled to the same but no greater consideration than other litigants, and she must therefore follow the rules of appellate procedure. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)

evidence.  The court also found adequate foundation for the text messages and overruled Jessica's objections.

Because Jessica made no objection regarding judicial notice in the trial court, she may not raise that issue on appeal.  (*Hearn Pacific Corp. v. Second Generation Roofing, Inc.* (2016) 247 Cal.App.4th 117, 131 [" ' " '[Q]uestions relating to the admissibility of evidence will not be reviewed on appeal in the absence of a specific and timely objection in the trial court on the ground sought to be urged on appeal.' " ' "].)

Even if the matter were preserved, "[i]t is the ruling, and not the reason for the ruling, that is reviewed on appeal."  (*Muller v. Fresno Community Hospital & Medical Center* (2009) 172 Cal.App.4th 887, 906–907.)  By considering the contents of Cole's declarations, the trial court effectively admitted the declarations as evidence, which is beyond the scope of judicial notice.  (*South Lake Tahoe Property Owners Group v. City of South Lake Tahoe* (2023) 92 Cal.App.5th 735, 752 ["Courts may not take judicial notice of allegations in . . . declarations . . . in court records because such matters are reasonably subject to dispute and therefore require formal proof."].)  Nonetheless, the trial court had discretion to admit Cole's declarations on a separate ground.  Pursuant to Family Code section 6300, subdivision (a), a court may issue domestic violence restraining order "*based solely on the affidavit or* testimony of the person requesting the restraining order."  (Italics added.)  Thus, while the stated basis may have been inaccurate, the trial court did not abuse its discretion by considering Cole's declarations as evidence.

## C.    *Jessica Fails to Establish Any Hearsay Errors*

Jessica cites two instances where she believes her counsel's hearsay objections were improperly overruled.  First, when being examined by his

attorney, Cole described text messages from Jessica to the couple's daughter, and Jessica's counsel asserted a hearsay objection. The trial court overruled that objection under the party admission exception to the hearsay rule (Evid. Code, § 1220). Jessica's counsel then interposed a second objection of double hearsay. To that the trial court told Cole's attorney, "if you wish to inquire of your client outside of what [the daughter] said to him, whether or not he had occasion to review the text message." After Cole testified that he viewed the text messages on his daughter's phone, the trial court overruled the objection.

Jessica argues that the trial court never properly addressed her double hearsay objection, which is inaccurate. Additionally, double hearsay was not involved because Cole testified about the texts he viewed, not his daughter's statements about those texts. We therefore see no abuse of discretion in this ruling.

Second, Jessica cites a hearsay objection to her father's testimony regarding a professional monitor.[3] However, this objection was lodged by *Cole's counsel* during examination by Jessica's counsel. Jessica's second alleged error regarding *her counsel's* hearsay objections is therefore unsupported.

D.      *Jessica Fails to Establish Any Foundation Errors*

Jessica cites two instances where she claims the trial court improperly overruled her trial counsel's foundation objections to documentary evidence. First, she cites her counsel's foundation objection to Cole's testimony about the scope of the initial retraining order. Second, she cites a foundation objection from Cole's attorney to Jessica's father's testimony about Cole

---

[3]     For a period of time Jessica's father provided supervision for her visits with the couple's children.

denying visitation.  Jessica's claims are unsupported because neither of the cited objections relate to documentary evidence as she claims.

*E.        Jessica Fails to Establish Any Authentication Errors*

Jessica argues that the text messages and electronic communications admitted at the hearing were not properly authenticated.

"Authentication . . . is statutorily defined as 'the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is.' " (*People v. Goldsmith* (2014) 59 Cal.4th 258, 266.)  " 'As long as the evidence would support a finding of authenticity, the writing is admissible.  The fact conflicting inferences can be drawn regarding authenticity goes to the document's weight as evidence, not its admissibility.' " (*Id.* at p. 267.)

Regarding the text messages, Cole testified that they were accurate screenshots of the messages from Jessica that he observed in his children's phones.  That testimony sufficiently authenticated the texts, and we see no abuse of discretion.

As for the other electronic communications Jessica claims were not properly authenticated, we presume she is referring to the Talking Parents exchanges between Cole and Jessica.  Cole testified that after the initial restraining order was issued, he began communicating with Jessica through Talking Parents.  Cole then confirmed that the documents submitted as Exhibit 1 were a complete record of those communications.  Cole's testimony provided adequate authentication for the Talking Parents messages.

7

## IV. DISPOSITION

The order is affirmed.  Cole is awarded costs on appeal.

RUBIN, J.

WE CONCUR:

O'ROURKE, Acting P. J.

DO, J.

8