Filed 2/23/24  Marriage of Gutierrez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re the Marriage of DOLORES and FRANCISCO GUTIERREZ. | B327354 |
| DOLORES GUTIERREZ, | (Los Angeles County Super. Ct. No. BD659487) |
| Appellant, | |
| v. | |
| FRANCISCO GUTIERREZ PALAFOX, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Armando Duron, Commissioner.  Affirmed.

Patricia Rodriguez Law Group, Patricia Rodriguez and Jazmyne Alverson for Appellant.

Francisco Gutierrez Palafox, in pro. per., for Respondent.

———————————————

## MEMORANDUM OPINION[1]

Dolores Gutierrez claims that her now former husband Francisco Gutierrez Palafox testified untruthfully about certain financial matters at their dissolution trial, which resulted in her not receiving additional spousal support and her portion of a community trucking business called FGP.[2]  After judgment was entered, Dolores filed a request for order (RFO) seeking to set aside the judgment because of Francisco's alleged extrinsic fraud at trial.  The court denied the RFO, and Dolores now appeals from that denial.  The limited record before us shows no error, and we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The appellate record in this matter consists only of the trial court's docket entries, the pleadings from Dolores's RFO to set aside the judgment, and the order denying that RFO.[3]  Neither

---

[1] We resolve this case by memorandum opinion because it is determined by controlling statutes which are not challenged for unconstitutionality and does not present any substantial question of interpretation or application.  (Cal. Stds. Jud. Amin., § 8.1(1).)

[2] As is common in family law matters, we refer to the parties by their first names for ease of reference.  No disrespect is intended.  The parties dispute the precise legal name of the trucking business.  They agree it begins with FGP, and we thus use those initials to refer to it.

[3] Francisco filed a request to augment the record to include tax returns for FGP that he asserts corroborate his claims about the business.  We deny the request, as nothing suggests these documents were presented to the trial court.  (Cal. Rules of Court, rule 8.155.)  While Code of Civil Procedure section 909 authorizes us to make findings of fact on appeal, we exercise such

party designated reporter's transcripts from any proceeding; we thus have no transcript of the dissolution trial, the post-judgment RFO hearing, or anything else. Nor does the record contain the declarations of disclosure, which Dolores purports to cite.

We glean from this meager record the following. Dolores filed for dissolution on May 19, 2017; the marriage had no minor children. Trial was held on May 12, 2022 and June 2, 2022. At trial, Dolores was represented; Francisco was not. The parties' appellate briefing disputes what occurred at trial. As these assertions are not supported by record citations or a reporter's transcript, we disregard them. At the trial's conclusion, the court took the matter under submission and issued a written ruling with its findings on June 3, 2022.

The primary trial issue was characterization of the marital residence. Dolores argued the home was her separate property because Francisco purportedly gave it to her post-separation to avoid being on the hook for delinquent mortgage debt he had promised but failed to pay in lieu of support. The court found Dolores's testimony was not credible because, among other reasons, the alleged mortgage debt did not exist at the time of the claimed transmutation. Further, once the house was supposedly deeded to Dolores, she filed an RFO for spousal support soon thereafter even though she claimed the transfer of the home to her was consideration for Francisco's non-payment of support. The court set aside the grant deed purporting to transfer the home to Dolores and found the house was a community asset.

_____

authority sparingly and only in exceptional circumstances. (*Diaz v. Professional Community Management, Inc.* (2017) 16 Cal.App.5th 1190, 1213.) Neither party articulates that such exceptional circumstances exist here, and we find none.

The court ordered the home sold with the net proceeds divided equally between the parties.

Given the parties' relative financial situations and the applicable Family Code[4] sections, the court awarded Dolores $12,611 in need-based attorney fees under section 2030 to be paid from Francisco's portion of the home sale proceeds. Pursuant to section 4320, the court ordered Francisco to pay Dolores $488 a month in permanent spousal support. The court noted that Dolores failed to provide recent paystubs as ordered before trial verifying her claimed income. Francisco provided a completed and current income and expense declaration including recent paystubs, which showed his income had decreased after a temporary spousal support award of $488 a month was made in October 2018. However, in part because Francisco agreed to continue paying $488 a month in support, the court found that amount appropriate as the permanent spousal support award.

With regard to FGP, the court's ruling states: "The parties owned a community property [transportation] business known as FGP . . . . At one time, the business operated three large trucks with two employees driving two of the trucks, [Francisco] driving the third. [Dolores] took care of the office. [Francisco] testified that the business failed as a result of the COVI[D]-19 pandemic and he now works as a mechanic. The trucks too were sold off. The parties disputed by whom but neither provided this court with more than va[g]ue allegations and unsubstantiated claims. No claim of a breach of fiduciary duty with respect to this

---

[4] All unspecified statutory references are to the Family Code.

4

business was made during trial. Therefore, there are no assets of FGP for this court to divide at this time."

The docket shows judgment was entered on November 18, 2022. Before judgment was entered, on October 5, 2022, Dolores filed an RFO to set aside the court's decision after trial and/or the judgment if it was entered before the RFO was heard. The RFO claimed Dolores learned for the first time at trial that Francisco was claiming FGP had shuttered and its assets no longer existed, and thus she had "not [been] in a position to present any evidence regarding the ongoing viability of the business." Dolores asserted her subsequent investigation showed Francisco's trial testimony about FGP and his current employment was false and attached documents purporting to corroborate her claims. According to Dolores, these documents showed FGP had not folded and sold its assets. Instead, Francisco continued to own and operate the business under a different name—Only One Trans, Inc. (Only One)—which was the same company Francisco listed as his employer on his most recent income and expense declaration, and the company listed on the paystubs attached to that declaration. Dolores requested the court set aside the court's decisions regarding spousal support and FGP pursuant to sections 2121 and 3691, or alternatively adjudicate FGP as an omitted asset under section 1101. She also requested attorney's fees under section 271 and/or section 1101.

Franciso filed an opposition on November 9, 2022. It included a sworn declaration from Francisco stating his testimony at trial was truthful, that several of the trucks and trailers at issue "were sold by [Dolores] herself, proceeds of which [Dolores] kept to herself," and explaining in his view how the documents attached to Dolores's RFO did not support her claims.

5

Francisco submitted evidence that FGP was no longer operating under any name and was suspended by the Secretary of State from doing business.  He stated that he incorporated Only One post-separation but that its ownership and operation was later transferred, and that Only One currently employed him as a mechanic.  Francisco averred he truthfully reported his employment and income at trial, and that he did not have any self-employment income as Dolores claimed.  Francisco further noted that Dolores had substituted counsel following the trial, and claimed her RFO was "an attempt for reconsideration of the prior ruling" after trial.  Francisco requested Dolores pay his fees for opposing her RFO under sections 2030 and/or 271, because he lacked the financial ability to pay such fees, and because Dolores's motion lacked merit and was an attempt to unnecessarily prolong an already protracted dissolution.

Dolores filed a reply on November 16, 2022.  Her reply continued to deny that she had any involvement in selling FGP's assets, and otherwise disputed what Francisco had to say.

The trial court denied the RFO at a hearing on November 23, 2022.  As noted above, the record contains no reporter's transcript or minute order for this hearing.  We thus cannot determine whether any further evidence was adduced by either party at the hearing beyond what was set forth in the RFO pleadings.

The record does include a findings and order after hearing filed on January 17, 2023, stating the court denied the various requests raised by both parties; that order does not elaborate the reasons for the denial.

# DISCUSSION

## A.  Appellate Jurisdiction and Standard of Review

We have jurisdiction over Dolores's appeal, as it is from an order after judgment.  (Code Civ. Proc., § 904.1, subd. (a)(2).)  We reject Francisco's claim that the appeal is untimely.  Dolores appeals an order entered January 17, 2023, and timely filed her notice of appeal on February 21, 2023.  (Cal. Rules of Court, rule 8.104.)

Dolores asserts our review should be de novo, claiming her arguments are based on a question of law.  But she identifies no pure question of law for us to review.  Dolores instead argues that her RFO's factual showing required the court to find Francisco committed extrinsic fraud and to set aside the judgment.  In reviewing the evidence supporting a motion to set aside a family law judgment based on allegations of fraud, "we extend all legitimate and reasonable inferences to uphold the judgment. The disposition of such a motion rests largely in the discretion of the trial court, and its decision will not be disturbed on appeal unless there has been a clear abuse of discretion."  (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598.)  The same standard applies to our review of a trial court's decision regarding an omitted asset claim under section 1101.  (*In re Marriage of Rossi* (2001) 90 Cal.App.4th 34, 40.)

"We review factual findings of the family court for substantial evidence, examining the evidence in the light most favorable to the prevailing party.  [Citation.]  ' " 'In reviewing the evidence on . . . appeal all conflicts must be resolved in favor of the [prevailing party], and all legitimate and reasonable inferences indulged in [order] to uphold the [finding] if possible.' " [Citation.]' [Citation.]"  (*In re Marriage of Rossi, supra,* 90

7

Cal.App.4th at p. 40.) This presumption of correctness means an appellant's " '[f]ailure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

## B. The Trial Court Did Not Abuse its Discretion in Denying the Request to Set Aside the Judgment

Dolores alleges that Francisco testified untruthfully in his declaration of disclosure and at trial, but we cannot fairly assess these claims because the appellate record does not include the declaration of disclosure or a transcript of Francisco's trial testimony.

What we do know is that, with regard to spousal support, Dolores asserts the documents attached to her RFO show Francisco had undisclosed self-employment income beyond the wages he reported on the income and expense declaration used at trial and thus a greater ability to pay more in support than he claimed.[5] Francisco's declaration in opposition to the RFO maintained that he truthfully reported his employment and income at the trial, and he did not have any self-employment income as Dolores claimed.

As for FGP, our understanding of what occurred at trial is confined to the court's findings stating that the parties disputed which one of them sold the trucks FGP operated, and that both

---

[5] Francisco's appellate brief argues the documents attached to Dolores's RFO are inadmissible hearsay and otherwise unreliable. Nothing in the record indicates these objections were made before the trial court, and we therefore consider Francisco's evidentiary objections forfeited. (*Guastello v. AIG Specialty Ins. Co.* (2021) 61 Cal.App.5th 97, 105.)

Dolores and Francisco provided only "va[g]ue allegations and unsubstantiated claims" about the business. Dolores asserted the documents attached to her RFO showed Francisco continued to operate FGP under a different name. In response, Francisco submitted evidence that FGP was no longer operating under any name, was suspended by the Secretary of State from doing business, and again claiming that before FGP went out of business Dolores sold some of its trucks and trailers and kept the proceeds for herself. He also denied current ownership or management of Only One.

As the party moving to set aside the judgment, Dolores had the burden of proof. (E.g., *In re Marriage of Brewer & Federici* (2001) 93 Cal.App.4th 1334, 1345 [applying § 2121].) When " 'the trier of fact has expressly or implicitly concluded that the party with the burden of proof did not carry the burden and that party appeals, it is misleading to characterize the failure-of-proof issue as whether substantial evidence supports the judgment. . . . [¶] Thus, where the issue on appeal turns on a failure of proof . . . , the question for a reviewing court becomes whether the evidence compels a finding in favor of the appellant as a matter of law. [Citations.] Specifically, the question becomes whether the appellant's evidence was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." [Citation.]' [Citation.]" (*Dreyer's Grand Ice Cream, Inc. v. County of Kern* (2013) 218 Cal.App.4th 828, 838.)

Dolores's evidence attached to her RFO was not uncontradicted and unimpeached, as Francisco submitted evidence in opposition that both contradicted and impeached her claims. Nor was Dolores's RFO evidence so compelling as to

9

leave no room but to agree with her characterizations.  The limited record before us suggests potential concerns with the credibility of both parties.  In assessing the RFO, the trial court found Francisco's explanation the more credible one, as it denied the request to set aside the judgment.  Unlike us, the trial court was privy to the parties' trial testimony and to their demeanor when testifying at trial and at the RFO hearing after being sworn.  Based on its knowledge of the parties' testimony and what occurred before the trial court, the court resolved the conflicting evidence submitted in connection with the RFO adverse to Dolores, and that is "not [an] issue[ ] we rework on appeal.  Appellate courts 'do not reweigh evidence or reassess the credibility of witnesses.  [Citation.]'  [Citation.]  Put another way, '[t]he Court of Appeal is not a second trier of fact . . . .' [Citation.]"  (*In re Marriage of Balcof* (2006) 141 Cal.App.4th 1509, 1531.)

We further observe that, even if we overlook Francisco's sworn denial to the contrary, the record does not inalterably support Dolores's claim of surprise regarding Francisco's trial testimony about FGP and her alleged inability to respond to it during trial.  Dolores asserts that Francisco committed extrinsic fraud.[6]  "Extrinsic fraud occurs where a party is deprived of the

---

[6] Dolores bases this extrinsic fraud claim on sections 2122 and 3691.  Section 2122 permits setting aside a judgment adjudicating support and property division on the ground of "[a]ctual fraud where the defrauded party was kept in ignorance or in some other manner was fraudulently prevented from fully participating in the proceedings." (§ 2122, subd. (a).)  Section 3691 permits setting aside a support order on the ground of actual fraud "[w]here the defrauded party was kept in ignorance or in some other manner, other than through the party's own lack

10

opportunity to present her claim or defense to the court, or in some manner fraudulently prevented from fully participating in the proceeding." (*Kuehn v. Kuehn* (2000) 85 Cal.App.4th 824, 832, citing *In re Marriage of Varner* (1997) 55 Cal.App.4th 128, 140.) " 'Fraud is intrinsic and not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present [her] case and to protect h[er]self from any mistake or fraud of [her] adversary, but has unreasonably neglected to do so. [Citation.] Such a claim of fraud goes to the merits of the prior proceeding which the moving party should have guarded against at the time. Where the defrauded party failed to take advantage of liberal discovery policies to fully investigate his or her claim, any fraud is intrinsic fraud. [Citation.]' [Citation.]" (*In re Marriage of Varner*, *supra*, at p. 140.)

The court's trial findings do not indicate Dolores was caught short by a new and unexpected claim from Francisco that FGP's assets were sold. Instead, the court's findings appear to indicate that both parties agreed at trial FGP's assets were sold, and the dispute was instead over who sold them and whether it was Dolores or Francisco that ended up with the sale proceeds. It was after trial and the unfavorable finding to her that Dolores changed tack and claimed FGP's assets were not sold but still existed at Only One.

Dolores had adequate time before and during trial to gather evidence regarding FGP. Trial occurred nearly five years after Dolores petitioned for dissolution. The court found Dolores

_____

of care or attention, was fraudulently prevented from fully participating in the proceeding." (§ 3691, subd. (a).)

11

worked at the business, so she knew FGP was a topic to be addressed at trial when dividing community property and debt. The trial itself occurred over two days spread nearly three weeks apart. We cannot tell from the record what day Francisco's testimony about FGP occurred, but Dolores's reply brief claims it was on the first day of trial (May 12, 2022). If so, Dolores had ample opportunity to investigate and prepare rebuttal evidence before trial resumed on June 2, 2022.[7] And if that was for some reason not enough time, there is no indication in the appellate record that Dolores (who was represented) requested a continuance to marshal any necessary additional evidence concerning FGP. In short, Dolores had an opportunity to fully investigate her claims regarding FGP and provides no satisfactory explanation for failing to present the evidence attached to her RFO at trial.

While we agree with Dolores that Francisco owed fiduciary duties of disclosure to her, the court found the evidence before it did not show Francisco violated those duties or committed extrinsic fraud. Our review of the record does not show that determination was an abuse of discretion.

---

[7] Dolores's post-judgment RFO was based on publicly available records pulled from government websites, and not on anything unavailable to her at the time of trial.

## DISPOSITION

The trial court's order is affirmed.  Francisco is awarded his costs on appeal.


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



BENDIX, J.